UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

KELLEY DETERMEN, )
 )
    Plaintiff, )
 ) Case No.:
v. )
 )
MAIN STREET ACQUISITION CORP, )
and MILLER & STEENO, P.C, )
 )
    Defendants. )

## COMPLAINT

### INTRODUCTION

1. Plaintiff Kelley Determen states that Defendants engaged in abusive, deceptive, and unfair acts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and abused judicial process in pursuit of collecting a debt. Specifically, Defendants, caused a lawsuit to be filed against Plaintiff after the statute of limitations expired on a debt allegedly owed by Plaintiff, and filed the lawsuit with insufficient evidence to prove its claim and with no intention of further prosecution, only hoping to scare Plaintiff into settlement or default.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1337 and diversity of citizenship. Venue in this District is proper in that the Defendants transacted business here and the conduct complained of occurred here.

## PARTIES

3. Plaintiff is a natural person residing in the County of Platte, State of Missouri. Plaintiff is a "consumer" within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(3).

4. Defendant MAIN STREET ACQUISITION CORP, is a limited liability corporation organized pursuant to the laws of the State of Nevada. MAIN STREET ACQUISITION CORP's Registered Agent in the State of Nevada is REGISTERED AGENTS LEGAL SERVICES, LTD., 112 N CURRY ST, CARSON CITY, NEVADA 89703.

5. Defendant MILLER & STEENO, P.C., is a professional corporation organized pursuant to the laws of the State of Missouri. MILLER & STEENO, P.C.'s Registered Agent in the State of Missouri is SANDFORD J. MILLER., 11970 Borman Drive, Suite 250, St. Louis, MO 63146.

6. Defendants are engaged in the collection of debts from consumers using the mail, facsimile transmission and telephone Defendants regularly attempts to collect consumer debts it purchases after default and/or consumer debts alleged to be due to another. Defendants are a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7. The acts of Defendants alleged hereinafter were performed by their employees acting within the scope of their employment with Defendants, and with its actual or apparent authority.

## FACTUAL ALLEGATIONS

8. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely an auto loan issued by Santander Consumer USA Inc., and bearing account number XXXX-XXXX-XXXX-1000 (hereinafter "the alleged debt"). The alleged debt

was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. Sometime thereafter on a date unknown to the Plaintiff, the alleged debt was allegedly consigned, placed or otherwise transferred to MAIN STREET ACQUISITION CORP for collection from the Plaintiff.

10. Thereafter, on December 12, 2013, MAIN STREET ACQUISITION CORP caused a lawsuit to be filed against Plaintiff. The lawsuit was filed by MILLER & STEENO, P.C. in the Associate Judge Division of the Circuit Court of Platte County, State of Missouri, captioned "MAIN STREET ACQUISITION CORP v. Kelley Determen, Case Number 13AE-CV04053".

11. Plaintiff was served on the underlying lawsuit on December 15, 2013.

12. A true and accurate copy of the lawsuit Defendants caused to be filed is attached hereto, marked Exhibit "1", and by this reference is incorporated herein.

13. The lawsuit was filed outside of the applicable statute of limitations.

14. Upon information and believe, Defendant MILLER & STEENO, P.C., failed to meaningfully review the details of the alleged debt prior to filing the lawsuit against Plaintiff.

15. The lawsuit attempted to collect amounts which could not be legally collected under the law.

16. As a direct result of MAIN STREET ACQUISITION CORP's actions, Determen has incurred attorney fees to defend against the lawsuit.

17. The foregoing acts by MAIN STREET ACQUISITION CORP and MILLER & STEENO, P.C. are undertaken indiscriminately, frequently and persistently, as part of MAIN STREET ACQUISITION CORP's regular and routine collection efforts.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff incorporates herein by reference each and every prior allegation as though fully restated and re-alleged.

19. Plaintiff brings her first claim for relief against MAIN STREET ACQUISITION CORP under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

20. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

21. MAIN STREET ACQUISITION CORP is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

22. MILLER & STEENO, P.C. is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

23. The alleged debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

24. MAIN STREET ACQUISITION CORP's and MILLER & STEENO, P.C.'s actions in an attempt to collect the alleged debt, described above, violate the FDCPA. The violations include, but are not limited to, the following:

   a. MAIN STREET ACQUISITION CORP and MILLER & STEENO, P.C. misrepresented the character, amount and/or legal status of the alleged debt, in violation of the FDCPA, 15 U.S.C. § 1692e(2)(A);

b. MAIN STREET ACQUISITION CORP and MILLER & STEENO, P.C. threatened to take an action that cannot legally be taken in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(5);

c. MAIN STREET ACQUISITION CORP and MILLER & STEENO, P.C. has used false, deceptive, misleading, unfair and unconscionable representations in connection with the alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(10) and 1692f; and

25. In addition to the above violations, MILLER & STEENO, P.C.'s actions in an attempt to collect the alleged debt, described above, violate the FDCPA. The violations include, but are not limited to, the following:

a. MILLER & STEENO, P.C. has used a false representation or implication that a communication is from an attorney while attempting to collect a debt, in violation of 15 U.S.C. §§ 1692e(3).

26. MAIN STREET ACQUISITION CORP and MILLER & STEENO, P.C.'s acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

27. As a result of MAIN STREET ACQUISITION CORP and MILLER & STEENO, P.C.'s violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorney fees, pursuant to 15 U.S.C. § 1692k.

## COUNT II

## ABUSE OF PROCESS

28. Plaintiff incorporates herein by reference each and every prior allegation as though fully restated and re-alleged.

29. MAIN STREET ACQUISITION CORP and MILLER & STEENO, P.C. made an illegal, improper, perverted use of process, a use neither warranted nor authorized by the process when it filed the lawsuit against the Plaintiff.

30. MAIN STREET ACQUISITION CORP and MILLER & STEENO, P.C. had an improper purpose in exercising such illegal, improper, perverted use of process.

31. As a result of MAIN STREET ACQUISITION CORP and MILLER & STEENO, P.C.'s illegal, improper, perverted use of process, Plaintiff was damaged.

WHEREFORE, Determen prays this honorable Court:

a. Declare that MAIN STREET ACQUISITION CORP's actions have violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f

b. Declare that MILLER & STEENO, P.C. actions have violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f

c. Declare that MAIN STREET ACQUISITION CORP's actions constitute an intentional abuse of the judicial process;

d. Declare that MILLER & STEENO, P.C.'s actions constitute an intentional abuse of the judicial process;

e. Award Determen actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

f. Award Determen statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

g. Award Determen the cost of this action and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

h. Award Determen such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ Jovanna R. Longo
Jovanna R. Longo, MO #60294
Longo Law Firm
145 East Main Street, Suite A
PO Box 186
Adrian, MO 64720
Tel: 816-787-1979
Fax: 816-569-9909
Email: Jovanna@longolawfirm.com